

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 11, 2013**

**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GEORGE PAUL STRECKMANN, | § | Case No. 12-30990-HDH-7 |
| | § | |
| Debtor. | § | |
| | | |
| WILLIAM T. NEARY, | § | |
| UNITED STATES TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 12-03099 |
| | § | |
| GEORGE PAUL STRECKMANN, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION ON UNITED STATES TRUSTEE'S
### COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

On February 16, 2012, George P. Streckmann ("Debtor") filed a voluntary, *pro se* petition for relief under Chapter 7 of the United States Bankruptcy Code. On the same day, Debtor filed his original Schedules and Statement of Financial Affairs ("SOFA"). On May 18, 2012, United States Trustee William T. Neary ("Trustee") brought the instant adversary

Memorandum Opinion On United States Trustee's Complaint Objecting To Discharge Of Debtor    Page 1

proceeding seeking a denial of discharge under 11 U.S.C. § 727(a)(6)(A) of the United States Bankruptcy Code for refusing to obey a court order arising in *In re Fisca Oil Co., Inc.,* Case #09-21519, pending in the Bankruptcy Court for the Eastern District of Wisconsin (the "Wisconsin Bankruptcy Court"); and additionally, under § 727(a)(4)(A) for knowingly and fraudulently making numerous false oaths in connection with his original Schedules and SOFA in the Debtor's bankruptcy case. The matter was tried on July 9, 2012.

The Court, having considered the briefs of the Debtor and Trustee and the testimony of the Debtor given at trial, finds that: (1) the Debtor did not willfully refuse to obey a court order under § 727(a)(6)(A); and (2) the Debtor's numerous omissions and misstatements in his original Schedules and SOFA, coupled with his omissions in his amended Schedules, warrants a denial of discharge under § 727(a)(4)(A).

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This proceeding is core, pursuant to 28 U.S.C. § 157(b)(2)(J).

**Refusal to Obey Court Order Under § 727(a)(6)(A)**

The Trustee objects to Debtor's discharge based on his failure to comply with an order from the Wisconsin Bankruptcy Court. That order required that the proceeds from the sale of properties owned by Fisca Oil Company ("Fisca"), a debtor in a Chapter 11 case pending before the Wisconsin Bankruptcy Court and controlled by the Debtor and his business partner, be placed into an attorney's client trust account. Contrary to the order, however, the proceeds were wired into the Fisca debtor-in-possession operating account. As a result, the Wisconsin Bankruptcy Court found the Debtor and his business partner in civil contempt and ordered them to turn over the proceeds from the sale of the property to the attorney. Nevertheless, the

proceeds were not turned over because, according to the Debtor's testimony at the trial of the instant adversary, at the time the contempt order was entered, the proceeds had been spent on operations of Fisca and there were not sufficient funds remaining to comply with the order. The Debtor further testified that his business partner controlled the Fisca business operations and the Debtor was unaware of any non-compliance with the order until the funds had been spent.

Section 727(a)(6)(A) of the Bankruptcy Code provides for the denial of a debtor's discharge when the debtor refuses "to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The objecting party—the Trustee in this case—carries the burden to demonstrate that, by a preponderance of the evidence, "(1) the Court issued an order directed at the debtor; (2) the order was lawful; (3) the order was not one requiring a response to a material question or to testify; and (4) the debtor refused to obey that order." *In re Wells*, 426 B.R. 579, 608-09 (Bankr. N.D. Tex. 2006) (internal quotation marks omitted).

A showing that the Debtor simply failed to comply with the court order is not sufficient to deny discharge. *Id.* at 609. Instead, for a court to find that a debtor "refused" to obey a court order and deny a discharge under section 727(a)(6)(A), the Debtor's non-compliance must have been willful and intentional and not the result of inability, inadvertence, or mistake. *Id.* However, a debtor may not claim inadvertence or mistake when he was aware of the court order and simply disregarded it. *Id.* at 610.

Here, the Court does not find that the Debtor's non-compliance rises to the level of a willful or intentional refusal to obey. While "[i]t is totally within the discretion of the bankruptcy court to find a particular violation of the court's order so serious as to require denial of discharge," *Id.* at 611 (quoting *In re Devers*, 759 F.2d 751, 755 (9th Cir. 1985)), this Court

will not deny the Debtor a discharge under section 727(a)(6)(A). In the instant case, the Debtor's non-compliance with the court order was not willful or intentional but rather a result of inability. The proceeds of the sale of the Fisca property were spent and no longer available to be turned over. The Debtor should have responded to make the Wisconsin Bankruptcy Court aware of his inability to pay, but under the present facts the Court does not find a willful refusal to obey the Wisconsin Bankruptcy Court's order.

**False Oaths Under § 727(a)(4)(A)**

The United States Trustee also seeks denial of the Debtor's discharge under 11 U.S.C. §727(a)(4)(A), because the Debtor made false statements in his original Schedules and SOFA. A debtor may be denied a discharge by the court if the court finds that the debtor "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The reasoning behind this provision, as Judge Jernigan recently stated, is that "[t]he bankruptcy schedules and statement of financial affairs of a debtor serve a vital role for creditors in a bankruptcy case, in that they ensure that adequate and truthful information is available to trustees and creditors, not just an objecting creditor, without the need for further investigation to determine whether or not the information is true and correct." *Mullen v. Jones (In re Jones)*, 445 B.R. 677, 726-727 (Bankr. N.D. Tex. 2011).

The court must deny a discharge under section 727(a)(4)(A) if the Plaintiff shows by a preponderance of evidence that (1) the Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992); *Cadle Company v. Duncan (In*

*re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009). Under the facts of this case, three of these elements are at issue: false oaths, materiality, and fraudulent intent.

   a. **False Oaths**

The plaintiff bears the "initial burden of production to present evidence that the debtor made false statements. If the plaintiff establishes a prima facie case, then the burden shifts to the debtor to present evidence that he is innocent of the charged offense." *In re Duncan*, 562 F.3d at 695 (citations omitted). False oaths may be implied where the Debtor makes a series of omissions of financial affairs in the course of the bankruptcy proceedings. *See Cadle Company v. Guenther (In re Guenther)*, 333 B.R. 759, 766 (Bankr. N.D. Tex. 2005). The Trustee asserts that the Debtor omitted information both in the original and amended Schedules, which give reason for the Court to deny the Debtor a discharge. It is not seriously disputed that the original papers filed by the Debtor were rife with errors and inconsistencies. The Debtor, in his original Schedules and SOFA, omitted financial information pertaining to: (1) his prior address, (2) his bank account information, (3) his involvement in bankruptcy litigation pursuant to *In re Fisca Oil Co., Inc.,* (4) his status as an officer or principal in multiple businesses, (5) his failure to note his former business partner, Owen H. Richelieu, III as a co-debtor, (6) his income, (7) his indirect income in the form of gifts from family members, and (8) his IRA account information. See United States Trustee's Complaint Objecting to Debtor's Discharge at 8—9, *In re Streckmann*, 12-03099 (Bankr. N.D. Tex. filed May 18, 2012). A creditor, trustee or judge reading the first set of Schedules and SOFA would get the impression that the Debtor is an unemployed, long-term citizen of Texas, which is far from the truth.

    b. **Materiality**

Debtor testified that he did not know the omitted information was to be included in the schedules and SOFA, and regardless of his lack of knowledge, those entities now listed are defunct or non-existent corporations. However, this is not the point. The requirement that the statements or omissions related materially to the bankruptcy case does not hinge on the value of an omission. *Beaubouef*, 966 F.2d at 178 ("the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors"). Rather, a false statement or omission is material "if it bears a relationship to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property." *In re Duncan*, 562 F.3d at 695. Value, then, has no significance when discussing the materially of a false oath.

Failure to list his interest in any of these corporations by the Debtor constitutes a false oath, and the fact that these corporations were either pending bankruptcy proceedings or non-operational does not excuse Debtor from his omission of information. *See Hughes v. Wells (In re Wells)*, 426 B.R. 579, 599 (Bankr. N.D. Tex. 2006) ("A debtor has a paramount duty to carefully consider all questions posed on his schedules and statement of affairs and see that each question is answered completely in all respects."). His failed business ventures led him to his current financial position, and are thus material to his bankruptcy case. Disclosure of these business ventures, equity interests, and the remaining omitted information is material to the Chapter 7 trustee's and creditor's understanding of Debtor's position and is needed in order to properly administer the bankruptcy proceeding.

    c. **Fraudulent Intent**

The third element for the Court's consideration is whether the omissions made by the Debtor were fraudulent. While Debtor showed sincerity at trial, the Court finds that the Debtor demonstrated a reckless disregard for the truth when submitting his Schedules and SOFAs under oath. The element of fraudulent intent may be proved by the Plaintiff where the Debtor demonstrates an "intent to deceive or a reckless indifference for the truth." *Mitchell v. Mitchell (In re Mitchell)*, 102 Fed.Appx. 860, 862 (5th Cir. 2004); *see also In re Guenther*, 333 B.R. at 767 ("Debtors showing of reckless indifference to the truth in filling out their schedules and statements is equivalent to showing the requisite fraudulent intent to deceive sufficient to bar a discharge under § 727(a)(4)(A).") (citing *In re Beaubouef*, 966 F.2d at 178). In *In re Beaubouef*, the court stressed the reckless indifference of the Debtor stemming from his "failure to take advantage of the opportunity to clear up all inconsistencies and omissions . . . [in] his amended schedules." 966 F.2d at 178. In the present case, the Debtor failed to completely correct his amended Schedules and continued to leave out information in reference to his bank account activity and participation in business activity. The Debtor's series of omissions in his original Schedules, as well as repeated omissions in his amended Schedules, satisfies the element of fraudulent intent under §727(a)(4)(A).

As this Court has stated, "it is close to impossible to produce Schedules and SOFAs that contain no mistaken information." *In re Guenther*, 333 B.R. at 768. However, the present case appears to be one of more than mistake. The original papers filed by the Debtor give a completely different picture of the Debtor's financial affairs than the actual one.

The Debtor was involved in many businesses prior to his filings. He had run into a significant legal problem with the Wisconsin Bankruptcy Court. He also had bank accounts in

Wisconsin. His original Schedules and SOFA give an erroneous picture. It should not be the duty of a creditor or trustee to instigate an action against a debtor and to get accurate information in a debtor's schedules and statements only after the Trustee finds inconsistencies. The decision of whether or not a debtor receives a discharge should not fall on the happenstance of litigation by a ready and willing creditor. *See In re Moschella,* 03-47690-DML-7, 2004 WL 6081712, at *4. Based on the numerous material omissions made by Debtor in his original and amended Schedules and SOFAs, and Debtor's reckless disregard for the truth of the matters asserted, the Court denies the Debtor discharge under § 727(a)(4)(A).

The United States Trustee shall submit a judgment within 14 days of the date of this Memorandum Opinion.

###End of Memorandum Opinion###